IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 8:24-cr-00184-DLB |
| | * | |
| JOYCE MARIE MCBRIDE, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

On June 18, 2024, the Defendant, Joyce Marie McBride, appeared before this Court and pleaded guilty to Count One of the Criminal Information, which charged her with Theft of Government Property, in violation of 18 U.S.C. § 641. She will appear before this Court for sentencing on September 26, 2024. For the reasons discussed below, the Government respectfully recommends that this Court sentence the Defendant to a term of 12 months in the custody of the Bureau of Prisons, to be served on home detention, followed by three years of supervised release. The Government also asks the Court to impose a restitution order of $ $176,939.00 as agreed to by the parties in the plea agreement.

I.  **Guidelines Calculations**

As set forth in the plea agreement, the total adjusted offense level is 11. ECF No. 10 at ¶ 6. That is, the base offense level is 6 under United States Sentencing Guidelines ("USSG") § §2B1.1(a)(2), and the Defendant is entitled to a two-level reduction in the offense level under USSG § 3E1.1(a) and a one-level reduction in the offense level under USSG § 3E1.1(b). In the Presentence Investigation Report and Recommendation ("PSR"), the United States Probation Office determined that the Defendant has zero criminal history points, resulting in a criminal

history category I.  *See* PSR, ECF 13, ¶ 50.  The recommended range of imprisonment under the USSG for offense level 11 and criminal history category I is 8-14 months.  The Government does not object to the guidelines calculation set forth in the PSR.

## BACKGROUND

For twenty years, the defendant, stole at least $176,939.00 in Social Security Administration benefits that had previously been awarded to the Defendant's aunt.  ECF No. 1-10 (Statement of Facts).  After the Defendant's aunt died the Defendant continued receiving these benefits.  *Id*.  When the Defendant spoke to law enforcement about this matter, she admit that she knew that the money disbursement of SSA benefits for her aunt was supposed to stop upon her aunt's death.  Nonetheless, the Defendant kept using the money.  *Id*.  The Defendant showed a complete disregard for the fact that the money she was receiving was the legitimate property of the United States Social Security Administration.  This behavior was illegal and it requires a sentence commensurate with that behavior.

## APPLICATION OF THE FACTORS UNDER 18 U.S.C. § 3553(a)

### Nature and Circumstances of the Offense

As discussed above, the Defendant received, continued to receive, and spent over $170,000 of the Social Security Administration's money.  The Defendant knew that this behavior was wrong but she continued to do it <u>for twenty years</u>.  The Defendant engaged in this behavior on her own and for her own personal benefit.  The Defendant did not use these funds for emergencies or medical expenses.  She used these stolen funds for shopping and vacation expenses.  As such, the nature of this behavior and the length of this behavior requires consequences.

### History and Characteristics of the Defendant

While the Defendant does not have any criminal history, it is notable that the Defendant was 47 years old when she began this crime. *See* PSR ¶ 7.  The Defendant began this scheme as a

mature woman who knew that this behavior was wrong but yet continued it for twenty years. She never contacted the Social Security Administration in any way or made any phone calls or any attempt to inform them that the recipient of the Tittle II benefits had died. The Defendant just kept receiving the payments. This demonstrates the brazen nature of this long term criminal behavior. As a result, the Defendant deserves a punishment that reflects those misguided choices.

**Need for the Sentence to Reflect the Purposes of Criminal Sentencing**

In addition to the serious nature of the offense, the other nature and circumstances of the offense and the history and characteristics of the defendant, as described above, there is a heightened need in this case for the sentence imposed to afford both general and specific deterrence. This need is particularly significant given the length of time that the Defendant perpetuated this theft scheme.

**CONCLUSION**

For the reasons above, and any others that may be presented at sentencing, a sentence of 12 months in the custody of the Bureau of Prisons, to be served on home detention, is an appropriate sentence, to be followed by three years of supervised release, and an order of $176,939 in restitution.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
LaShanta Harris
Assistant United States Attorney
Office of the United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Phone: (301) 344-0222
Fax: (301) 344-4516
LaShanta.Harris@usdoj.gov